Winfred L. Thompson, President University of Central Arkansas 201 Donaghey Avenue Conway, AR 72035-0001
Dear Dr. Thompson:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA" or "act"), which is codified at A.C.A. §§ 25-19-101 through -107 (Repl. 1996). You have enclosed excerpts from the UCA Faculty Handbook pertaining to the UCA Faculty Senate. You note that the Handbook establishes the Faculty Senate and contains the Faculty Senate Constitution ("Constitution"), and that both the Handbook and the Constitution are approved by the UCA Board of Trustees. Your specific question is:
 . . . whether the records of the UCA Faculty Senate constitute `public records' within the meaning of Ark. Code Ann. §§ 25-19-103 and 25-19-105
so that such records are subject to inspection and/or copying by any citizen of the State of Arkansas[?]
Because this question will, in my opinion, ultimately require a factual determination, I am unable to offer a conclusive response. I believe additional facts, that is, facts beyond those reflected in the enclosed material, would have to be developed with respect to the actual role of the Faculty Senate in order to resolve this issue. I lack both the resources and the authority to act as a fact finder in this regard. I will, however, review the applicable legal framework for the factual analysis, and I will present what I believe are the pivotal factual issues to be addressed in resolving the matter.
The FOIA requires that except as otherwise specifically provided, "all public records shall be open to inspection and copying by any citizen of the State of Arkansas. . . ." A.C.A. § 25-19-105(a). The term "public records" is defined under the act as follows:
 `Public records' means writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(1).
It is my opinion that the inquiry in this instance regarding records of the Faculty Senate will likely focus on the requirement that records must relate to the performance of official functions before they will be considered "public records" under the FOIA. While an initial threshold question arises regarding the Faculty Senate's status as a governmental entity (see J. Watkins, The Arkansas Freedom of Information Act (2nd ed. 1994) at 27 (noting that "[t]he threshold question in any FOIA case is whether the particular entity is covered by the act,")) I believe this issue will likely turn as well on the question of the existence of an official function or the performance of some public business. This follows, in my opinion, from the legislative declaration of policy under the FOIA, which states:
 It is vital in a democratic society that public business be performed in an open and public manner so that the electors shall be advised of the performance of public officials and of the decisions that are reached in public activity and in making public policy. Toward this end, this chapter is adopted, making it possible for them, or their representatives to learn and to report fully the activities of their public officials.
A.C.A. § 25-19-102.
The FOIA is thus intended to shed light on the performance of public business. The fact that a particular entity is composed of public officers or employees is not, in my opinion, necessarily determinative of its status as a governmental entity. Rather, the specific authority, function, and purpose of the entity must be considered, together with any other pertinent facts relating to its creation.[1]
With regard, specifically, to the UCA Faculty Senate, although its governing Constitution and the Handbook under which it was established were reportedly both approved by the Board of Trustees, I am uncertain as to the precise implication of this approval insofar as the Senate's status as a governmental entity is concerned. Such approval may or may not be a significant factor in the FOIA analysis, depending upon what other facts are developed with respect to the actual authority or role of the Faculty Senate. According to the Constitution, the Senate serves as "the representative body of the faculty of UCA." See Faculty Senate Constitution, Article I, Section 1. Its function, as set forth in Article II of the Constitution, includes "responsibility to review university policies in all areas which directly pertain to the academic function of UCA . . ." (Section 1) and "representation of the faculty in matters affecting the welfare of the faculty." (Section 3).
These functions do not, in and of themselves, necessarily reflect the existence of any official function or public activity. With regard to the review of policy proposals, there is no further information as to the exact purpose of this review. Is this an internal review process, for the benefit of the faculty to ensure faculty input? Or is it part of the official policy development process? The answer to these questions may shed light on the FOIA question. For instance, it may be that an official function or public purpose is, indeed, served if in fact the University requires the Faculty Senate's review of policy proposals as a prerequisite or necessary step in policy development. Further information regarding the precise role of the Faculty Senate in the policy implementation process may thus impact the FOIA analysis.
This same analysis or inquiry may be necessary in connection with the Senate's "representation of the faculty. . . ." The question arises: What is the actual purpose of this representative function? Does this serve some official or public purpose? Similar questions may need to be addressed regarding the establishment of "such committees as [the Senate] deems necessary . . ." (Section 4 of Art. II of the Constitution), as well as with respect to Senate's consideration of "all matters proposed . . ." (id. at Section 5) and as to its service on committees for the selection of faculty members (id. at Section 6).
These factual issues must, in my opinion, be addressed before it can be determined whether the Faculty Senate's records "constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, [or] a governmental agency. . . ." A.C.A. § 25-19-105(a), supra.[2] The presumption that "[a]ll records maintained in public offices or by public employees within the scope of their employment" are "public records" (id.) is not helpful in this instance because it merely begs the question: Are the records of the Faculty Senate in fact maintained within the scope of the members' public employment?
While I am therefore unable to answer your question, given the requisite factual analysis, the foregoing is offered in an effort to guide that analysis toward a final resolution.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] If the entity was created as a private organization, consideration must also be given to the so-called "public funding" requirement. Seegenerally Watkins, The Freedom of Information Act, supra at 27. The public funding requirement will, however, I believe, typically be met where public officers or employees comprise the particular entity, and where the facts indicate that their service thereon is part of their paid, public employment.
[2] If it is established that the Senate in fact serves an official function or a public purpose, the requirement that "public records" are those which "constitute a record of the performance or lack of performance of official functions" (§ 25-19-103(1)) will, of course, still apply when considering the public status of specific records.